**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| DANIEL HERRON, <br><br> Plaintiff, <br><br> v. <br><br> TEARS OF EDEN and KATHERINE SPEARING (IN HER INDIVIDUAL CAPACITY), <br><br> Defendants. | Case No. 1:23-cv-01190-RLY-MJD <br><br> **Jury Trial Requested** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER DECEMBER 27, 2023 ORDER DENYING MOTIONS TO FILE UNDER SEAL**

Defendants' Motion to Reconsider the December 27, 2023 Order Denying Motions to File Under Seal (the "Motion") (Dkt. 37) should be denied. There is simply no good reason for the many and overbroad confidentiality designations the Defendants have made to the immense amount of information at issue in this case. As Defendants would have it, all of this information should be "confidential" and off-limits to the public for use elsewhere, or, for that matter to Plaintiff, Daniel Herron ("Pastor Herron"). This approach interferes with Pastor Herron's right to clear his good name. In addition, the administrative burdens and additional costs imposed on the parties and the Court in continuing with these protections are substantial and unwarranted.

Pastor Herron does not object to phone numbers, email domains, and physical addresses being redacted (other than those that demonstrate Indiana connections), or third parties (other than the Accusers) named in a discussion group that have no facts or knowledge about the issues in this case, but does object to the over broad redactions of names of witnesses and other facts that are clearly not privileged in any way and should be open for the public to see and for Pastor Herron to use to clear his good name. *Baxter Int'l, Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir.

2002) ("In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret on appeal."). The Court will be using much of this information to rule on Defendants' motion to dismiss for want of jurisdiction because it relates to Indiana witnesses and an investigatory proceeding conducted in an Indiana presbytery, which makes it presumptively public information. *Virgne v. C.R. England, Inc.*, No. 119CV02011SEBMJD, 2020 WL 12761318, at *1 (S.D. Ind. Jan. 9, 2020) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy.") (quoting *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010)).

This is particularly so regarding information related to witnesses that are residents in and citizens of Indiana, and with respect to information that was used to influence the outcome of an Indiana presbytery investigatory process into allegations of alleged "abuse" (which have now been found to be completely unsupported). There are no applicable privileges at play because (1) simply referencing potential lawyers' names (some of the redactions made by Defendants) to a third party is not privileged, (2) providing a third party advice about insurance coverage sufficient to shield Indiana residents from the consequences of their tortious conduct (another category of redactions) does not invoke any insurance privilege, and (3) Defendants are not, as far as is known, licensed physicians or counselors such that Indiana's physician-patient privilege might apply to prevent disclosure of discussion groups talking about issues like those addressed in this lawsuit. To be clear, Pastor Herron does not object to confidentiality regarding the names and contact information for individuals who have no link to this case and who have only been incidentally mentioned in some of the documents produced in this case. However, much of what Defendants have redacted

is information, including substantive information (not just names and contact information) of individuals who are witnesses to the conduct and actions that this case is about, or the Accusers and other individuals from Bloomington, Indiana that are likely witnesses. There is simply no justification to overcome the presumptive privilege attached to that documentation and no reason to redact that information.

In addition, one of the individuals whose name has been redacted is another Indiana pastor with respect to whom the Defendants reached into Indiana to influence and turn his own church leadership against him. [*See*, Defs.' Ex. G, at Bates 000478 (writing to an Indiana church leader "Be the shepherd you are called to be and protect your flock—especially the flock of staff and church leadership—as they will likely be in the most danger if in association with [redacted].").] These types of Indiana contacts are clearly part of the jurisdictional analysis and will underpin the Court's decision on the Motion to Dismiss, and thus, is presumptively public access information.

Defendants' redactions are certainly overly broad, and they have done little to substantiate the claim that anyone is in danger of suffering "harm" as that phrase is used in the protective order if the redactions are not made. [Dkt. 20, at PageID# 188.] In fact, beyond the vaguest assertions of "irreparable harm" or "harm," Defendants have not articulated concrete instances of any cognizable "harm" that would come to Pastor Herron's accusers, Kara Million and Abigail Gschwend-Harris (the "Accusers"), or the numerous other witnesses whose names and substantive information related to facts in their possession or knowledge have been redacted, in the event the redacted materials are made public. *Advanced Magnesium Alloys Corp. v. Dery*, No. 120CV02247RLYMJD, 2022 WL 20514945, at *1 (S.D. Ind. May 16, 2022) ("a party must specifically elaborate how disclosure of the confidential information would cause harm; it is not enough to merely assert that disclosure would be harmful.").

Indeed, both Accusers, though Ms. Harris to a lesser extent, have had a prolific online presence regarding many facts related to this case and have not been bashful about spreading information and accusations. Nor, for that matter, have Defendants been bashful—after all this case is, in part, about Defendants' attempt to influence, through a series of online podcasts and social media blasts, the Central Indiana Presbytery's investigation and adjudication of certain allegations made against Pastor Herron by the Accusers. Most recently, and as late as January 15, 2024, one of the Accusers posted the following to X:



[This is a true and accurate copy of a screenshot that Pastor Herron's counsel took of this Tweet on January 22, 2024, at approximately 12:10 p.m.] The reference to "what y'all did to me" is a clear reference to the allegations against Pastor Herron and the response of the Presbyterian Church in America ("PCA") thereto, and which are the allegations underlying the defamatory conduct of the Defendants in this case.

In addition, the Accusers, and indeed Defendants herein, have used "confidentiality" as both a sword and a shield in their relentless campaign to destroy Pastor Herron's livelihood and reputation. Specifically, a good number of redactions relate to an "insider" from the Central Indiana Presbytery ("CIP") who was leaking confidential information from the CIP to the Accusers. Such confidential information was used as a sword against Pastor Herron in the CIP investigation process, blasted all over the internet, and provided by the Accusers to Defendants herein, as Defendants and Accusers strategized as to when and how best to release information calculated to do the most damage to Pastor Herron. [*See*, *e.g.* Defs.' Ex. D, at p. 60/82 (final paragraph noting person complicit in passing along sensitive information who is an Indiana citizen); Defs.' Ex. D, at p. 62/82 (third paragraph from top referencing same Indiana citizen who used confidential information to sabotage Pastor Herron's job prospects); Defs.' Ex. E, at p. 16/32 (seventh paragraph from top referencing same Indiana citizen disclosing confidential information); Defs.' Ex. M, at Bates 000251 (names of Indiana citizen leaker redacted as well as name of church member at prospect church at which Pastor Herron was seeking to conduct his ministry).] Indeed, the Accusers and the Defendants in this case developed strategy regarding the timing of the Podcast release to create the most damage to Pastor Herron in the ongoing CIP investigation.

> just want to make sure the timing of this coming out works for you guys. [*sic*] is there a better time down the road you think it would be more helpful, like before the trial? **Just want to make sure it's most helpful for your case**.

[Dkt. 28-14, at PageID #812 (referencing the imminent ecclesial trial which was to be conducted in the Central Indiana Presbytery) (emphasis added).] This also addresses the argument that these redactions are somehow appropriate because the information does not relate to the issue of personal jurisdiction; it clearly does, because Defendants and the Accusers were plotting to affect an Indiana

investigatory proceeding in the Central Indiana Presbytery and derail the ministry of an Indiana pastor—acts clearly directed at Indiana.

Now, through the benefit of discovery, Pastor Herron has much of this heretofore unknown information and would like to use it in his defense, and potentially elsewhere (say, for example, in a suit against the Indiana citizen that was leaking confidential information to harm Pastor Herron or in an amended complaint herein). In addition, there are other individuals whose names have been redacted that may be witnesses in this case, or other cases, related to these matters. As but one example, an individual referenced on Defendants' Exhibit E, at p. 15/32, apparently was in contact with the aforementioned leaker, and there is absolutely no reason why his name should be redacted. Moreover, there are numerous witnesses to the underlying events, including many Indiana residents, whose names Defendants have redacted, including witnesses for Pastor Herron who would have knowledge of the facts. Pastor Herron should not be prejudiced by such confidentiality designations, particularly in defamation cases like this where truth is the most important thing. After all, As Justice Brandeis famously quipped, "sunlight is the best disinfectant," and Pastor Herron is more than ready for that disinfecting light to be shone on the mendacious plotting of the Accusers, Defendants, and others who sought to destroy his reputation, livelihood, and indeed his life, and for the truth to set him free. However, he is hindered in that effort by these Defendants and the Accusers who, having used leaks from the confidential PCA investigation process as a sword, now seek "confidentiality" to shield them and others from the consequences of their actions.  The Court should not allow Defendants to hide behind a shield of confidentiality all the while up to this point they have been using confidentiality protections, and what was said and done in a confidential setting, as a sword to obtain their ends.

## IV. <u>CONCLUSION</u>

For the reasons stated above, Plaintiff Dan Herron respectfully requests that the Court deny Defendants' Motion for Reconsideration (Dkt. 37) and allow the information to be exposed to the disinfecting power of the sunlight, and such other and further relief, to which he may be justly entitled.

Respectfully submitted,

*/s/ Robert A. Jorczak*
Brent W. Huber, # 16077-53
Robert A. Jorczak, # 32027-29
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, Indiana 46282-0200
T: (317) 236-2343 – F: (317) 236-2219
brent.huber@icemiller.com
louie.jorczak@icemiller.com
*Counsel for Plaintiff, Daniel Herron*

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2024, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Robert A. Jorczak*

-2606-7102.2