UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL HERRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01190-RLY-MJD |
| ) | |
| TEARS OF EDEN, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO RECONSIDER**

This matter is before the Court on Defendants' Motion to Reconsider December 27, 2023[,] Order Denying Motions to File Under Seal. [Dkt. 37.] For the reasons and to the extent set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

On November 17, 2023, Plaintiff filed his brief in response to Defendants' motion to dismiss. [Dkt. 28.] The brief and/or some of the exhibits cited therein contained information designated as confidential by Defendants. Accordingly, Plaintiff, in compliance with Local Rule 5-11(d)(4)(A)(ii), filed the response brief and the exhibits under seal and filed a motion to seal in which he identified Defendants as the designating parties. [Dkt. 27.]

Pursuant to the Local Rule, Plaintiff's motion to seal triggered an obligation for Defendants to, within fourteen days, "file a Statement Authorizing Unsealing of Document (or specific portions thereof) and/or a Brief in Support that complies with the requirements of subsection (e) and a redacted (confidential portions blacked out) public version of the document

that was designated as confidential and filed under seal."  Subsection (e), in turn, sets forth the following items that must be included in the designating party's Brief in Support:

> (1) identification of each specific document or portion(s) thereof that the party contends should remain under seal;
>
> (2) the reasons demonstrating good cause to maintain the document, or portion(s) thereof, under seal including:
>
>> (A) why less restrictive alternatives to sealing, such as redaction, will not afford adequate protection;
>>
>> (B) how the document satisfies applicable authority to maintain it under seal; and
>>
>> (C) why the document should be kept sealed from the public despite its relevance or materiality to resolution of the matter.
>
> (3) a statement as to whether maintenance of the document under seal is opposed by any party; and
>
> (4) a proposed order as an attachment.

Local Rule 5-11(e).  The rule also provides that "[a] protective order does not authorize a party to file a document under seal."  Local Rule 5-11(d)(3).

On November 27, 2023, Defendants filed their reply brief in support of their motion to dismiss under seal.  [Dkt. 33.]  On the same date, Defendants filed a document entitled Motion to Maintain Defendants' Reply in Support of Motion to Dismiss for Lack of Personal Jurisdiction Under Seal.  [Dkt. 35.]  Defendants stated that their reply brief should remain under seal because it "contains confidential information extracted from the materials previously designated as confidential pursuant to the Uniform Protective Act and filed under seal by Plaintiff."  [Dkt. 25 at 4.]

On December 27, 2022, the Court denied both motions to seal. [Dkt. 36.] Plaintiff's motion was denied because Defendants, as the designating party, failed "to file a brief in support of the motion to seal and proposed redacted, public versions of the documents" as required by Local Rule 5-11(d)(3). *Id.* at 2. Defendants' motion was denied because they had failed to support their motion; instead of giving reasons why the material cited in their reply brief was properly maintained under seal, they simply noted that Plaintiff had filed the material under seal, completely ignoring the fact that it was **Defendants'** obligation to demonstrate why that was appropriate. In addition, Defendants failed to provide a proposed redacted, public version of their reply brief.

## II. Discussion

Defendants now move to reconsider the Court's Order denying the motions to seal. [Dkt. 37.][1] As an initial matter, the Court notes that Defendants argue that their previous filing complied with their obligations under Local Rule 5-11:

> Defendants respectfully disagree with the Court's position that Defendants failed to comply with Local Rule 5-11(d). Local Rule 5-11(d)(5) required Defendants to file a supporting brief within fourteen (14) days of Plaintiff's Motion to File Response and Exhibits Under Seal [DE 27], in which Defendants were named as

---

[1] The Court notes that Defendants cite Federal Rules of Civil Procedure 72(a) and 60(b) as authority for their motion to reconsider. Neither is correct. Rule 72(a) applies to objections to a magistrate judge's non-dispositive order, in which a party asks the district judge to overrule the magistrate judge's ruling on the ground that it is clearly erroneous or contrary to law. Defendants do not argue that the Court's Order was either; rather, Defendants are simply asking to be permitted to file a properly supported motion to seal because they failed to do so initially. Rule 60(b) applies to final judgments and other final orders, not interlocutory orders such as an order on a motion to seal. *See Phillips v. Sheriff of Cook Cnty.*, 828 F.3d 541, 559 (7th Cir. 2016) (Rule 60(b) is, "by its terms, limited to final judgments or orders and is inapplicable to interlocutory orders.") (citations and internal quotation marks omitted). The Court will consider Defendants' motion to reconsider pursuant to the Court's inherent authority to reconsider its interlocutory rulings. *See Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018) ("[D]istrict judges may reconsider interlocutory orders at any time before final judgment.").

> the designating party. Plaintiff's Motion was filed on November 17, 2023. Ten (10) days later, on November 27, 2023, Defendants filed their supporting brief, per the Local Rule, by filing its Motion to Maintain Reply Under Seal [DE 35]. Defendants' Motion addressed the documents identified as confidential by Plaintiff as required by Local Rule 5-11(e). Additionally, Defendants provided justification and good cause for the documents being maintained as confidential. Defendants now provide additional detail and specificity, per the Court's order, regarding the same as confidentiality is essential to the protection of the parties and non-parties.

[Dkt. 37 at 4.] Either this argument is wholly disingenuous or it reveals a fundamental misunderstanding of Local Rule 5-11(d). A motion to maintain Defendants' reply brief under seal is in no way the equivalent of a brief in support of a motion to maintain exhibits filed by Plaintiff under seal. Nowhere in the Defendants' motion to seal do they suggest that they are attempting to fulfill their obligations with regard to Plaintiff's motion to seal, which clearly identifies Defendants as the designating parties. Rather, as noted above, Defendants' motion to seal simply assumes that the exhibits will be maintained under seal pursuant to Plaintiff's motion to seal. That is not how the Local Rule works, and it is frankly inexcusable for Defendants to suggest otherwise.

The Court further notes that the instant motion to reconsider improperly relies on the protective order in this case as justifying the sealing of information. As noted above, Local Rule 5-11(d)(3) expressly provides that "[a] protective order does not authorize a party to file a document under seal." In addition, the first sentence of Section VIII of the protective order expressly states as follows: "This protective order does not authorize a party to file or maintain a document under seal." [Dkt. 20 at 7.] It is simply not helpful for a party to point to a protective order as a reason to maintain material under seal.

That said, the Court has reviewed the redactions proposed by Defendants, found at Docket Nos. 37-1 through 37-17. While the redactions are not perfect, they are within the range

of reasonableness and reflect a good faith effort to comply with the relevant rule and applicable law.  None of the redacted information would be necessary—or even helpful—to a member of the public attempting to understand the issues before the Court and the Court's eventual ruling on the motion to dismiss.  Accordingly, the motion to reconsider is **GRANTED IN PART**, and **the Clerk is directed to maintain Docket Numbers 28-1 through 28-17 under seal permanently.  The motion also is DENIED IN PART, and the Clerk shall UNSEAL Docket Number 28 (Plaintiff's brief in response to the motion to dismiss) and Docket Number 33 (Defendants' reply brief in support of the motion to dismiss)**, because Defendants have not provided a proposed redacted version of either of those documents and did not address those documents in their motion to reconsider.

Pursuant to Local Rule 5-11(g), documents ordered unsealed by this Order shall be unsealed after 21 days absent a Federal Rule of Civil Procedure 72(a) objection, a motion to reconsider, an appeal, or further court order.

SO ORDERED.

Dated:  6 FEB 2024

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana


Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

5