UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL HERRON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-cv-00425-MTS |
| ) | |
| TEARS OF EDEN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Extension of Time, Doc. [103], which seeks to extend the deadline in the case management order for physical or mental examinations pursuant to Federal Rule of Civil Procedure 35. After a complete review of the briefing and exhibits filed on this Motion, the Court will grant it. *See Kmak v. Am. Century Cos.*, 873 F.3d 1030, 1034 (8th Cir. 2017) (noting amendment of scheduling order requires a showing of "good cause," the "primary measure" of which is "the movant's diligence"); *see also* Fed. R. Civ. P. 16(b)(4).

The parties also disagree on the proper location of the independent medical examination ("IME") given that Plaintiff resides in Indiana. And, if travel is required, they disagree about whether Plaintiff should have to pay for the associated expenses. Because of the ongoing disagreement, Plaintiff requested that the Court "set the parameters for further discussions between the parties about" any IME's terms. Doc. [104]. "Rule 35 does not provide parameters regarding the location of an IME." *Griffin v. Biomat USA, Inc.*, 1:19-cv-0604-KFP, 2021 WL 2152525, at *1 (M.D. Ala.

Apr. 9, 2021) (finding court may require a plaintiff to travel outside the judicial district in which plaintiff lives and in which the case is pending for an IME).  But from what Plaintiff provided in his briefing and exhibits, he has not shown the type of "unreasonable hardship or exceptional circumstances" that courts find sufficient to overcome a plaintiff's general obligation to travel to the forum, at his own expense, for examination by defendants.  *See Matthews v. Watson*, 123 F.R.D. 522, 523 (E.D. Pa. 1989); *see also Costanza v. Monty*, 50 F.R.D. 75, 76 (E.D. Wis. 1970) (citing *Pierce v. Brovig*, 16 F.R.D. 569, 570 (S.D.N.Y. 1954)); *Baird v. Quality Foods, Inc.*, 47 F.R.D. 212, 213 (E.D. La. 1969) (Rubin, J.).[*]

With this caselaw in mind, the parties shall meet and confer regarding their dispute on the details of the IME and seek an agreement that limits unnecessary expense and inconvenience where practicable.  *See, e.g.*, *Baird*, 47 F.R.D. at 213 (requiring plaintiff to travel to forum at his own expense for Rule 35 IME but ordering defendant to make "every reasonable effort to schedule all examinations and tests on a single day so that the plaintiff will not be unduly inconvenienced"); *Randolph v. McCoy*, 29 F. Supp. 978, 979 (S.D. Tex. 1939) (setting Rule 35 IME for a Saturday given "the fact that [plaintiff] [wa]s employed as a superintendent of schools" some eighty miles from where the examination was to be held); *see also* Fed. R. Civ. P. 1 (requiring the parties to construe, administer,

---

[*] The Court recognizes that Plaintiff did not file this action in this District.  Nevertheless, this action is in this District by transfer in lieu of dismissal for want of personal jurisdiction, *see* 28 U.S.C. § 1631, because the United States District Court for the Southern District of Indiana found that it lacked personal jurisdiction over Defendants.  Doc. [44].  In other words, this Court is the "venue of jurisdiction."  *See Rodriguez v. Gusman*, 974 F.3d 108, 115 (2d Cir. 2020) (referring to "the general requirement of appearing in the venue of jurisdiction for an examination" under Rule 35).

and employ the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding").

If the parties cannot reach an agreement on the location and scheduling of the IME in this matter, Defendants shall file a motion with the Court under Rule 35(a)(2) no later than **Monday**, **February 10, 2025**, seeking to compel the examination. Plaintiff will have seven (7) days to file any response to that motion. The Court then would set the "time," "place," and other details of the examination. *See* Fed. R. Civ. P. 35(a)(2)(B); *see also* 8B Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2234 (3d ed.) ("The trial court has extensive discretion in determining the details of the examination.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Extension of Time, Doc. [103], is **GRANTED**, and the deadline for physical or mental examinations pursuant to Federal Rule of Civil Procedure 35 is **EXTENDED** through **Monday**, **March 31, 2025**. All other deadlines within the Case Management Order, Doc. [89], remain in effect.

Dated this 24th day of January 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE