# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|  |  |
|---|---|
| DANIEL HERRON, | |
| *Plaintiff,* | |
| v. | Case No. 4:24-cv-425-MAL |
| TEARS OF EDEN *et al*, | |
| *Defendants.* | |

## <u>ORDER</u>

Before the court are motions by Defendants Katherine Spearing, Tears of Eden, and Katherine Spearing, LLC, and interested nonparty American Strategic Insurance Corporation ("ASI"), to quash subpoenas issued by Plaintiff Daniel Herron under Rule 45 of the Federal Rules of Civil Procedure.  Docs. 113, 114, and 116.  Because these motions fail to comply with this Court's local rules, they will be **DENIED** without prejudice.

These motions must be denied because the movants failed to meet-and-confer with opposing counsel prior to filing their respective motions.  Under Local Rule 3.04, "[t]he court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord."  E.D.Mo. L.R. 3.04(A).  "Any motion that fails to comply with that Rule … will be denied without prejudice."  *Judge's Requirements* at ¶ 7.[1]  Both the defendants' motion and ASI's motion fail to comply with this rule.  Neither motion stated that

---

[1] *Judge's Requirements* are available at https://www.moed.uscourts.gov/judge/maria-lanahan. All parties proceeding before this Court would be well advised to review these requirements.

plaintiff's counsel was conferred with to resolve the dispute before seeking the Court's intervention and neither defendants nor ASI dispute that they failed to even contact plaintiff's counsel before filing their motions. *See* Doc. 121 at 5.

Instead of complying with this rule and conferring with plaintiff's counsel to try and resolve (or at least narrow) the dispute over plaintiff's subpoena, ASI claims it is not bound by Local Rule 3.04's meet-and-confer requirement because it is "not a litigant to this case[.]" Doc. 125 at 2. Not so. The local rules "apply to cases and proceedings" in this Court without limitation. E.D.Mo. L.R. 1.02(A). As such, all motions and interested parties proceeding before this Court must comply with this Court's Local Rules. That includes Rule 3.04, which by its plain text clearly applies to ASI. Rule 3.04 requires "***movant's counsel***" to confer with the opposing counsel and ASI is a movant before this Court given that it filed a motion to quash in this case.

ASI also argues that its motion to quash does not have to comply with Local Rule 3.04 because, according to ASI, a subpoena duces tecum issued to a nonparty is not considered part of "disclosures and discovery." Doc. 125 at 3. ASI bases its argument on the fact that nonparty subpoenas are governed by Rule 45 and on the fact that Rule 45 is found in the Federal Rules of Civil Procedure under "Title VI – Trials" rather than "Title V – Disclosures and Discovery." *Id.* ASI reads too much into the organization of the rules. Nonparty subpoenas that seek to secure the pretrial production of documents and things are clearly encompassed with the definition of "discovery" as used in Local Rule 3.04. Nonparty subpoenas "command each person to whom it is directed to … produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control …" Fed. R. Civ. P. 45(a)(1)A)(iii). This provision "allow[s] a subpoena to be issued to … subject a nonparty witness to the same scope of discovery as that person would be as a party to whom a request for documents and other materials is addressed pursuant to Rule 34." 9A *Wright & Miller's Federal Practice and Procedure* § 2452 (3d ed. 2008). In

other words, such subpoenas seek the same ***discovery*** from a nonparty as requests for production seek from a party.

And to the extent the organization of the rules indicates anything substantive about the rules themselves, nonparty subpoenas are expressly incorporated within the title dealing specifically with discovery.  Rule 34—found within "Title V – Disclosures and Discovery" of the Federal Rules of Civil Procedure—provides that, "[a]s provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."  Fed. R. Civ. P. 34(c)  So even ASI's organizational argument fails.

No doubt, nonparty subpoenas that seek pretrial production of documents and things are "discovery."  Thus, motions to quash such subpoenas—including motions filed by interested nonparties—must comply with Local Rule 3.04's meet-and-confer requirement.  Because neither defendants' motion nor ASI's motion complied with this basic requirement, they must be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to quash filed by Defendant Katherine Spearing, Doc. 113, and joined by Defendants Tears of Eden, and Katherine Spearing, LLC, Doc. 114, and the motion to quash filed by interested nonparty American Strategic Insurance Corporation, Doc. 116, are **DENIED** without prejudice.

Entities and persons wishing to file motions to quash subpoenas are further encouraged to read this Court's Requirements relating to discovery motions available at  https://www.moed.uscourts.gov/judge/maria-lanahan.   Among other things, if there is a dispute about a discovery that remains unresolved after complying with Local 3.04's meet-and-confer requirement, the parties must **jointly** file a motion requesting a telephone conference with the Court concisely summarizing the parties' positions on the issue(s) in dispute and their efforts to achieve a resolution in no more than three pages. *Judge's Requirements* at ¶ 7.  To be clear, the reference to "parties"

in Paragraph 7 of this Court's Requirements also includes entities who have been served with subpoenas but who are not named parties in the case.

SO ORDERED,

This 19th day of February, 2026.

*Maria A. Lanahan*

MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE